UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*Plaintiff,*<br><br>v.<br><br>**MICHAEL FOURNIER,**<br>*Defendant.* | Case No. 24-CR-00081 (JEB) |

### DEFENDANT MICHAEL FOURNIER'S SENTENCING MEMORANDUM

Defendant Michael Fournier ("Defendant") by undersigned counsel, by undersigned counsel, hereby submits to this Court his Sentencing Memorandum. Defendant respectfully requests a sentence of **one year probation, no fine, and no restitution**. Defendant has no prior convictions.

I. INTRODUCTION

Mr. Fournier is a renowned outdoorsman, hiker and naturalist who has hiked the Appalachian Trail, the Continental Divide Trail and the Pacific Coast Trail. The PSR found Fournier fell within the lowest possible sentencing category; so low that no jail sentence could be recommended.

Note that there is a USSG rule that says first-time misdemeanor (and even some felony) offenders are presumed to be facing no jail time. In fact, Fournier qualifies for the zero-Point

Offender Adjustment, § 4C1.1, which *reduces* any recommended advisory guideline range by two levels for defendants like Fournier with no prior criminal history.

In addition to the two-level adjustment provided by § 4C1.1, the new Commentary for § 5C1.1 contains a *presumption against imprisonment* for defendants who both receive a Zero-Point Offender Adjustment and have an applicable guideline range within Zones A or B. The Commentary advises that for these defendants, "a sentence other than a sentence of imprisonment . . . is generally appropriate." Further, the Commentary advises courts to consider a sentence with no prison time even for defendants whose guideline range falls outside of Zone A or B, if the defendant received the Zero-Point Offender Adjustment and the "applicable guideline range overstates the gravity of the offense because the offense of conviction is not a crime of violence or an otherwise serious offense."

II. **GOVERNMENT ACTING IN BAD FAITH BY TRICKING FOURNIER INTO A PLEA DEAL WITH FAVORABLE TERMS AND THEN RECOMMENDING THE MAXIMUM POSSIBLE SENTENCE.**

The government is acting in bad faith, having tricked Fournier into a plea deal on favorable terms, and then recommending THE MAXIMUM POSSIBLE SENTENCE for a first time offender who the government previously conceded heroically rescued a painting from being stolen from the Capitol.

The government tricked Fournier into accepting very friendly plea deal.

- Government agreed to remove from Statement of Facts, all discussion of a **nonexistent** angry "exchange" between Fournier and an officer).

- Government also agreed to the fact that Fournier <u>rescued a painting</u>—perhaps some priceless work of art—from another protestor who was trying to steal it and leave the

Capitol with it. Fournier literally <u>SAVED</u> the stolen painting and took it from the thief and kept it in the Capitol.

But the government NOW mentions the painting incident as if it is an AGGRAVATING factor against Fournier! As if Fournier himself attempted to steal the painting or something.

And, after agreeing to remove mentions of the "exchange" between Fournier and a Capitol Cop inside the Capitol, the government NOW, again, asserts that the "exchange" was some kind of angry conversation. In fact, according to Fournier, the "exchange" between Fournier and the Capitol officer was a *polite conversation* along the lines of Fournier thanking the officer or something like that.

The sentencing memorandum from the Government is in bad faith by recommending the maximum possible sentencing for a first time offender who literally rescued a piece of artwork.

### III.   SENTENCING REQUESTED BY DEFENDANT

As above, Defendant respectfully requests a sentence of 1) year probation only. Fournier is in extreme financial poverty and cannot afford any fine or restitution. Additionally, Fournier did not cause any damage to anything at the Capitol.

### IV.   Conclusion

Throughout this proceeding and this issue Defendant has been nothing but cooperating and abiding. The Government not only dealt in bad-faith but also is trying to impose an unjust maximum sentence. We respectfully request this Court to view the USSG and the pre-sentencing investigative report as the Court will find that indeed the appropriate sentence does not include imprisonment For the foregoing reasons, the Defendant respectfully requests this Court to consider

a sentence commensurate with the crime: a one-year (1) probation with weekly counseling classes, no fine, and no restitution.

**Dated: July 30, 24**  **Respectfully Submitted,**

/s/ *John M. Pierce*

John M. Pierce

21550 Oxnard Street

3rd Floor, PMB #172

Woodland Hills, CA 91367

Tel: (213) 400-0725

Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I, John M. Pierce, hereby certify that on this day, July 30, 24, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

      **/s/ John M. Pierce**
      **John M. Pierce**